## Key et al. v. Hays.

Dec. 11, 1942.

424

J. D. Bond for appellants.

LeRoy Combs and Bert T. Combs for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appeal questions the correctness of a judgment denying the appellant, Roy Key, compensation for improvements on leased property.

Aletha Hays, the lessor, was the owner of three unimproved hillside lots in the town of Martin, valued at approximately $40 each. She had three married daughters, Narcissus Turnley, Della Owens and the appellant, Edna Key, and one son, Liberty. In 1929 she leased the three lots to her two sons-in-law, J. P. Turnley and the appellant, Roy Key. It was understood at the time that improvements were to be placed on the lots.

The lease, omitting formal parts, was in the following terms:

"Party of the first part leases to the party of the second part, lots No. 18, 19 & 20 in Osborn Addition

for a term of five (5) years for $20.00 per year. Party of the second part also has the privilege to renew said lease as long as he wants said lease, at above mentioned price per year.''

After the execution of the lease Turnley apparently stepped out of the picture. Roy Key erected on the lots a garage and a small house on which he claims to have expended $3,200. The only evidence as to the present value of the property, however, is that it is worth approximately $1,000. In any event, the value of the property lies largely in the improvements.

Appellant, Key, continued to hold under the lease, the last payment of rent being made in May, 1937. He rented the property to others and received in rentals approximately $19 per month.

In March, 1938, while appellants were out of the state, Aletha Hays, the lessor, attempted to dispossess Key by executing a rental contract with Key's tenant. Mrs. Hays, from the time of the execution of the lease, made her home with appellants. At the time she attempted to dispossess Key she was 78 years old. The reason for her dissatisfaction with the lease does not clearly appear.

Upon appellants' return to the state nothing was done about the attempted dispossession for the reason, as claimed by appellants, that Mrs. Hays was old and childish and they did not desire to worry her. Mrs. Hays died intestate on May 31, 1938, and after her death Key continued to receive rent on the property from tenants occupying it until the filing of this action on February 3, 1940.

The action was filed by Liberty Hays against his three sisters for a sale of the property and division of the proceeds. One of the sisters, Della Owens, conveyed her interest to appellant, Edna Key, who thereby became the owner of one-half of the property, Liberty and Narcissus being the owners of one-fourth each.

Appellant, Roy Key, was not made a party to this action but came in by intervening petition in which he set up his lease and alleged it was in effect *at the time of Aletha Hays' death.* Instead of claiming that the lease was in effect at the time of the filing of the action

and that he had the right to hold thereunder as long as he paid the rent called for by the lease, he acquiesced in a termination of the lease and claimed the right to compensation for improvements in the amount of $3,200 and also claimed the right to compensation for food, shelter and medical attention furnished Mrs. Hays. The latter claim was, in effect, abandoned.

The chancellor denied the claim for compensation on account of improvements and directed a sale of the property for division of the proceeds. No supersedeas of this judgment appears in the record. It may here be added that Edna Key asserted by counterclaim that Turnley assigned his interest under the lease to her and her husband and that they, jointly, made the improvements. The evidence discloses, however, that the improvements were paid for by the husband alone. From the judgment dismissing the counterclaim and intervening petition both Edna and Roy Key appeal.

We are cited to numerous authorities holding that one who makes improvements on the land of another should be compensated therefor. In some cases, of course, this is true. The rule is not a wide open one, however, but is one of limited application to such particular cases as improvements made by a joint owner or by one under the belief that he has title, possibly other cases. We are cited to no authority, nor do we know of any, holding that a lessee is entitled to compensation for improvements in the absence of a provision therefor in the lease. Clearly, as a mere lessee claiming compensation for improvements made during the term of the lease, appellant had no standing in the court.

It is insisted by appellants, however, that the lease was not one requiring a re-execution but one giving the lessee the right to extension of the term by a mere holding-over and the continued payment of rentals and that upon dispossession of appellant, Key, he was entitled to compensation for improvements.

There is much force in the contention that a renewal or re-execution of the lease was not necessary and that the original term and use was to be extended at the option of the lessee. In Kentucky Lumber Co. v. Newell, 105 S. W. 972, 32 Ky. Law Rep. 396, a lease very similar in its terms was so construed. And there is some force

also in the argument that a tenant dispossessed under such a lease is entitled to compensation. But it is unnecessary to decide these particular questions since appellant, Key, was not dispossessed and did not claim the right of continued holding under the lease. On the contrary, by his pleading, he acquiesced in a termination of the lease and claimed compensation for improvements. His pleading alleged that the lease was in effect at the death of Mrs. Hays but acquiesced in its termination by failing to claim a continuation thereof and by seeking compensation for improvements upon sale of the property in which he acquiesced. And, in this connection, it must be borne in mind that he was in possession of the property at the time the action was filed, having received the rent from the tenants occupying it between the time of Mrs. Hays' death and the filing of the action. ·

Being in possession under the lease at the time of the filing of the action, the only right he had, if any, was to continue to hold under the lease—he had no right to compensation for improvements as indicated above. It was incumbent on him to claim the right to continue holding under the lease, if he desired to do so, in order to afford the court an opportunity to rule on the question. This was not done and the chancellor correctly denied the only claim made, that of compensation for improvements.

The situation confronting the chancellor was not one calling for application of the rule that where the facts are properly pleaded appropriate relief will be granted under the prayer for general relief even though the wrong relief may have been sought. Here the appellant had the right to elect to treat the lease as terminated, which he did. In the face of this election by appellant the chancellor was not authorized to adjudge that he could continue to hold under the lease but could only determine whether he was entitled to compensation for improvements. As a matter of fact, appellant's right to continue to hold under the lease is not urged in his brief. The only contention is that compensation should have been adjudged. We think the chancellor correctly denied this claim since appellant was not dispossessed but elected to treat the lease as terminated.

Judgment affirmed.